IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN SCOTT, | : | No. 3:CV-02-0805 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| RONALD TULLY AND FOREST HENDRICKSON, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**May 3, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Joint Motion for Reconsideration of the Court's November 19, 2003 Order (doc. 151) filed by Defendants Ronald Tully and Forest Hendrickson (collectively "Defendants"). We also have before us a Motion for Reconsideration of the Court's March 28, 2005 Order filed by Plaintiff Robin Scott ("Plaintiff" or "Scott") (doc. 156).

For the reasons that follow, we will deny Defendants' Joint Motion for Reconsideration of the Court's November 19, 2003 Order and Plaintiff's Motion for Reconsideration of the Court's March 28, 2005 Order is granted in part and denied in part.

**STANDARD OF REVIEW:**

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. 2001)(citations and internal quotation

marks omitted); see also Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002).

**DISCUSSION:**

As the factual and procedural history are both well known to the parties and stated in our prior orders, we need not repeat them here other than to note the disposition of our November 19, 2003 Order which forms the basis for Defendants' Joint Motion for Reconsideration. (See Rec. Doc. 75). In our November 19, 2003 Order, we denied Defendants' Second Motion for Summary Judgment and except to the extent outlined during oral argument, denied Defendants' Motion for a Second Extension of Scheduled Trial Term Deadlines. See id. at 17.

In their Motion, Defendants state that they, who were previously represented by former defendant Eureka's counsel, remain subject to claims of individual liability pursuant to the Pennsylvania Human Relations Act ("PHRA"). Moreover, Defendants assert that current defense counsel only recently received voluminous case materials from prior counsel after a stay of this case was lifted. (See Defs.' Joint Mot. Reconsid. at 2). "In review of the case history, it has become apparent that prior counsel focused primarily on the liability of the employer Eureka, to the disadvantage of the individual defendants." Id. In support of the Motion, Defendants maintain that under the unique nature of the individual liability

claimed, significant legal issues affecting the rights of the individual Defendants and the burden of the Plaintiff had not been properly addressed. "It would be manifestly unjust to deny the individual Defendants the opportunity to have the legal issues bearing on their personal liability considered due to prior counsel's primary focus on the liability of the employer." Id.

Plaintiff argues in her Motion for Reconsideration of the Court's March 28, 2005 Order[1] that motions for reconsideration must be filed within ten days from the entry of judgment and that an untimely motion for reconsideration is void and of no effect. (See Pl.'s Mot. Reconsid. at 2). Plaintiff explains that the ten day period is jurisdictional and cannot be extended in the discretion of the district court. Defendants filed their Joint Motion for Reconsideration more than a year after the Court's November 19, 2003 Order. Id. Plaintiff contends that the instant Motion is another tactic used to harass Plaintiff and to avoid trial, in the same vein as Defendants tried to avoid trial that was scheduled for October 2004 by filing Petitions for Bankruptcy which the Bankruptcy Court dismissed because they were filed in bad faith. Id. In summary, Plaintiff argues that Defendants' Joint Motion

[1] We note that in our March 28, 2005 Order we granted Defendants' Joint Motion for Reconsideration of our November 19, 2003 Order only to the extent that we allowed the Motion to be briefed by the parties in accordance with the Local Rules. (See Rec. Doc. 154). We removed the instant case from the May trial list and cancelled the March 31, 2005 pretrial conference and stated that we would reschedule the case for an appropriate trial term subsequent to the further resolution of the pending Joint Motion for Reconsideration. See id.

for Reconsideration is legally deficient, factually incorrect, filed to harass, cause unnecessary delay, and cause needless increase in the cost of litigation and our March 28, 2005 Order granting Defendants' Joint Motion for Reconsideration in part should be vacated as it removed this case from the May trial list. Id. at 2-3.

As Defendants do not explicitly state the Federal Rule pursuant to which their Joint Motion for Reconsideration was filed, we will first discuss the applicability of Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59 and we will subsequently discuss Fed.R.Civ.P. 60.

First, Fed.R.Civ.P. 59(e) provides a party with ten days to move to alter or amend a judgment, and the district court may not enlarge the time frame. See Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005); see also Amatangelo v. The Borough of Donora, 212 F.3d 776, 779-80 (3d Cir. 2000); De la Fuente v. Central Electric Cooperative, Inc., 703 F.2d 63, 65 (3d Cir. 1983). "But Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken...including summary judgment denials[.]" Nieves-Luciano, 397 F.3d at 4. We therefore agree with Defendants' argument to the extent that their Joint Motion for Reconsideration of the Court's November 19, 2003 Order seeks reconsideration of an order denying summary judgment, which is not a judgment subject to Rule 59(e).

Although the Court's November 19, 2003 Order was not a "judgment," and thus not subject to Rule 59(e) and its ten-day time limit, Defendants address the ten-day time limit prescribed for filing motions for reconsideration in the local rules. Local Rule ("LR") 7.10 states, "Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned." Defendants argue that this deadline is not jurisdictional and cite to cases in support of the proposition that violations of local rules may be excused by the Court in its discretion. See Hicks v. Southern Maryland Health Systems Agency, 805 F.2d 1165, 1167 (4th Cir. 1986); Schering Corp. v. Vitarine Pharmaceuticals, Inc., 1989 U.S. Dist. LEXIS 2368, *41, n.18 (D.N.J. 1989), rev'd on other grounds, 889 F.2d 490 (3d Cir. 1989).

While we are in agreement with Defendants that noncompliance with local rules may be excusable by the Court in its discretion according to the equities present in the underlying case, we conclude that LR 7.10 was clearly violated in this case as Defendants filed their Joint Motion for Reconsideration well over a year after our November 19, 2003 Order, as opposed to within the ten-day time limitation provided in the local rules. Moreover, for the reasons that follow, we find that exercising our discretion to entertain Defendants' Joint Motion for Reconsideration is not warranted by the equities in this case and would prejudice

the Plaintiff.[2]

Second, we must consider whether Defendants' Joint Motion for Reconsideration was properly brought under Fed.R.Civ.P. 60 such that we can consider the merits of the underlying Motion. For the reasons that follow, we agree with Plaintiff that Rule 60 does not provide support or authority for this Court to reconsider its November 19, 2003 Order as Defendants' Joint Motion for Reconsideration was filed well over a year following the Court's Order at issue and as Defendants' sole reason for this Court to entertain Defendants' Joint Motion for Reconsideration is based upon the fact that prior defense counsel did not appropriately represent the individual Defendants.

We initially note that Fed.R.Civ.P. 60(b) provides, in pertinent part, as

---

[2] As we will explain more fully below, the cases cited by Defendants in support of their assertion that it is within the discretion of this Court to entertain a motion to reconsider a summary judgment denial that does not technically comply with the time limitations of LR 7.10 present extraordinary circumstances, including an intervening change in the applicable law. Several courts have held that intervening changes in the applicable law warrant the district court to exercise its discretion to entertain "untimely" motions for reconsideration. See e.g. Hittle v. Scripto-Tokai Corp., 166 F.Supp.2d 159, 161 (M.D. Pa. 2001)("The motion was filed after the Pennsylvania Superior Court's April 10, 2001 decision in Phillips v. Cricket Lighters...773 A.2d 802 (Pa. Super. 2001), which holds, directly contrary to Griggs, that liability under strict liability principles does not require the use of the product by an intended user."); see also Philadelphia Reserve Supply Co. v. Nowalk & Associates, Inc., 864 F. Supp. 1456, 1460-61 (E.D. Pa. 1994).

Unlike the cases cited by Defendants however, they are not arguing that there has been such an intervening change in the law or a circumstance of comparable magnitude to justify our consideration of Defendants' Joint Motion for Reconsideration, that clearly does not comply with the provisions of LR 7.10.

follows:[3]

> Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. **The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.**

As Plaintiff explained in her reply brief, Rule 60(b)(1) authorizes relief from a final judgment, order, or proceeding in the case of "mistake, inadvertence, surprise, or excusable neglect." See Fed.R.Civ.P. 60(b)(1). As contrasted with Rule 60(a)'s applicability to mistakes of a clerical nature, Rule 60(b)(1) is concerned with substantive mistakes and importantly, relief under Rule 60(b)(1) is limited to motions made "not more than one year after the judgment, order, or proceeding, was entered or taken[.]" Therefore, to the extent that Defendants argue

---

[3] As Defendants have not asserted that a clerical mistake occurred in this case, we will accordingly not discuss Fed.R.Civ.P. 60(a), which exclusively concerns clerical mistakes.

that prior defense counsel did not raise proper issues affecting the rights and liabilities of the individual Defendants "due to prior counsel's concentration on other issues," Defendants' Joint Motion for Reconsideration should have been filed within a year of our November 13, 2003 Order; however, it was not filed with the Court until March 25, 2005. Defendants' Joint Motion for Reconsideration is therefore time barred under Rule 60(b)(1). See Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

The final provision under which Defendants could arguably seek relief from the Court is Rule 60(b)(6), which states, "any other reason justifying relief from the operation of the judgment." While relief under Rule 60(b)(6) is not limited by any strictly defined time period, it can be afforded under this rule if it is sought "within a reasonable time." See id. The Third Circuit Court of Appeals has instructed that "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented. Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances, Ackermann v. United States, 340 U.S. 193...(1950), and only when the relief sought is based upon 'any other reason' than a reason which would warrant relief under 60(b)(1-5)." Id.; see also Federal Deposit Insurance Corp. v. Alker, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956). Stated another way, the Supreme Court has instructed that the provisions of Rule

60(b)(1) and 60(b)(6) are mutually exclusive and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6).  See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 393 (1993).  "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.  If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable."  Id.

The Third Circuit therefore concluded that a plaintiff can use Rule 60(b)(6) as a means of avoiding the time bars of Rules 59 and 60(b)(1-3) only upon a showing: "(1) that the reason for the relief sought under 60(b)(6) is not embraced within the various provisions of 60(b)(1-5); and, (2) that exceptional circumstances exist which warrant the granting of exceptional relief."  See Stradley, 518 F.2d at 494.

Applying the afore-mentioned principles to the case sub judice, it is readily apparent that Defendants are not entitled to relief under Rule 60(b)(6).  As Plaintiff aptly points out to the Court, the cases cited by Defendants present extraordinary circumstances, including intervening changes in the applicable law, that warrant the district court to exercise its discretion to entertain "untimely" motions for

reconsideration.  See e.g. Hittle v. Scripto-Tokai Corp., 166 F.Supp.2d 159, 161 (M.D. Pa. 2001)("The motion was filed after the Pennsylvania Superior Court's April 10, 2001 decision in Phillips v. Cricket Lighters...773 A.2d 802 (Pa. Super. 2001), which holds, directly contrary to Griggs, that liability under strict liability principles does not require the use of the product by an intended user."); see also Philadelphia Reserve Supply Co. v. Nowalk & Associates, Inc., 864 F. Supp. 1456, 1460-61 (E.D. Pa. 1994).  Unlike the cases cited by Defendants, Defendants are not arguing that there has been an intervening change in the law.  Defendants' sole argument for this Court to entertain their Joint Motion for Reconsideration, which was filed only a matter of days before the previously scheduled pre-trial conference in this matter, is based upon the fact that prior defense counsel did not appropriately represent the individual Defendants as prior defense counsel primarily focused upon the liability of the employer.

It is important at this juncture to note that current defense counsel entered their appearance on behalf of the individual Defendants on January 21, 2004, approximately two months after this Court's November 19, 2003 Order at issue, and approximately **fourteen months** before filing the instant Joint Motion for Reconsideration of the Court's November 19, 2003 Order.  Instead of filing a motion to reconsider the Court's November 19, 2003 Order in the months

following the Order, the individual Defendants filed Petitions for Bankruptcy, which the Bankruptcy Court ultimately found to be filed in bad faith.

After a careful examination of the record in this case, we do not find that exceptional circumstances warrant that we entertain a Motion for Reconsideration filed under the circumstances discussed herein. See Stradley, 518 F.2d at 494. As we have previously explained, we are additionally unable to reconsider our November 19, 2003 Order pursuant to Federal Rule 59 or any subsection of Federal Rule 60, we will accordingly deny Defendants' Joint Motion for Reconsideration of the Court's November 19, 2003 Order.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Joint Motion for Reconsideration of the Court's November 19, 2003 Order (doc. 151) is DENIED.

2. Plaintiff's Motion for Reconsideration of the Court's March 28, 2005 Order (doc. 156) is granted in part and denied in part.

   a. Plaintiff's Motion is granted to the extent that this case will be rescheduled for trial.

   b. Plaintiff's Motion is denied in all other respects.

3. Defendants shall have fifteen days from the date of this Order to respond to Plaintiff's pending Motions in Limine.

4. The case is rescheduled for the August 2005 trial term.

5. The pretrial conference shall be held on July 1, 2005 at a time to be determined.

6. Jury selection shall be held on August 3, 2005 at 9:30 a.m., Williamsport, PA.

s/ John E. Jones III
John E. Jones III
United States District Judge